UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| V.W., PLAINTIFF | : | DOCKET NO. 3:22-CV-01156-KAD |
| v. | : | |
| YALE UNIVERSITY, GRADUATE SCHOOL OF ARTS AND SCIENCES at THE YALE UNIVERSITY, DEPARTMENT OF ECONOMICS at THE YALE UNIVERSITY, and EDWARD VYTLACIL, PhD., in his individual and professional capacities, DEFENDANTS | : | OCTOBER 25, 2024 |

**DEFENDANTS' RULE 26(f) REPORT**

Date Complaint Filed: September 13, 2022

Date Complaint Served: October 25, 2022 – Edward Vytlacil
November 1, 2022 – Yale University

Date of Defendants' Appearance: November 10, 2022

Defense counsel first attempted to confer with plaintiff's counsel, Attorney Marshall Bellovin, on October 8, 2024 by e-mailing a draft Rule 26(f) report and requesting Attorney Bellovin to suggest any changes in redline. Defense counsel followed up via e-mail on October 10, 2024 to ensure that Attorney Bellovin received the draft report. Defense counsel received no response to either e-mail. On October 22, 2024, defense counsel e-mailed both Attorney Bellovin and plaintiff's local counsel, Attorney Heena Kapadia, requesting a response to the draft report. Defense counsel informed them that if no response was provided by October 24, 2024, then defense counsel would file a report with the Court on October 25, 2024 and report that he had been unable to get a response regarding the draft report. Attorney Kapadia responded by email that she

had a limited role as local counsel and that Attorney Bellovin would have to respond. Attorney Bellovin never responded. Therefore defendants hereby provide this proposed Rule 26(f) Report and request that it be adopted by the Court.

## I. <u>CERTIFICATION</u>

Defense counsel certify that, after consultation with his clients, (a) he has considered the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) has developed the following proposed case management plan. Defense counsel further certifies that he has forwarded a copy of this report to plaintiff's counsel and his local counsel.

## II. <u>JURISDICTION</u>

### A. <u>Subject Matter Jurisdiction</u>

This Court has subject matter jurisdiction over plaintiff's claims under 28 U.S.C. §§ 1331 and 1367.

### B. <u>Personal Jurisdiction</u>

Personal jurisdiction is not contested.

## III. <u>BRIEF DESCRIPTION OF CASE</u>

### A. <u>Claims of Plaintiff</u>:

In the September 11, 2024 Second Amended Complaint, the plaintiff asserts discrimination and retaliation claims pursuant to Title VI, Title VII, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1981, and the Connecticut Fair Employment Practices Act ("CFEPA"). She also brings state law claims for breach of contract, breach of the covenant of good faith and fair dealing, wrongful termination, intentional infliction of emotional distress, and assault and battery. Following the Court's September 30, 2024 ruling on the defendants' motion to dismiss, the following claims remain:

42 U.S.C. § 1981 race discrimination; violations of Title VI and Title IX by the institutional defendants; and the state law claims of breach of contract, breach of the covenant of good faith and fair dealing, wrongful termination, intentional infliction of emotional distress, and assault and battery.

**B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendants:**

The defendants deny all of the plaintiff's claims. Yale University maintains that it properly followed all of the applicable University procedures in administratively withdrawing the plaintiff from the Graduate School of Arts and Sciences, in a non-discriminatory fashion. Edward Vytlacil denies all allegations made against him.

**C. Defenses and Claims of Third Party Defendants:**

N/A

## IV. STATEMENT OF UNDISPUTED FACTS

The defendants certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. The plaintiff and Professor Vytlacil were once married and have a child together.
2. The plaintiff was admitted to the Yale University Graduate School, Department of Economics for the Fall, 2017 semester.
3. The plaintiff failed her oral exam in environmental economics in February, 2020.
4. After failing the oral exam in environment economics, the plaintiff took a medical leave of absence beginning in February, 2020.
5. The plaintiff returned from her leave of absence for the Fall, 2020 semester.
6. The plaintiff failed her oral exam in micro theory in September, 2020.
7. The plaintiff was given an opportunity to retake her oral exams in environmental economics and micro theory.

8. The plaintiff was given several extensions of the deadline for retaking her oral exams in environmental economics and micro theory.
9. The plaintiff failed to retake her oral exams in environment economics and micro theory by the final deadline.
10. The plaintiff was administratively withdrawn from the Yale University Graduate School of Arts and Sciences on or about January 27, 2021.

## V. CASE MANAGEMENT PLAN

### A. Initial Disclosures

The defendants intend to exchange responses to the Initial Discovery Protocols at the time that they exchange responses to discovery requests.

### B. Scheduling Conference

1. The defendants request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).
2. The defendants prefer that a scheduling conference, if one is required, be conducted by telephone or video conference.

### C. Early Settlement Conference

1. The defendants certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.
2. The defendants do not request an early settlement conference.
3. If and when a settlement conference is held, the defendants prefer a settlement conference with a magistrate judge.

4. The defendants do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. Joinder Of Parties, Amendment Of Pleadings, And Motions Addressed To The Pleadings**

The defendants have considered any perceived defects in the pleadings and suggest the following for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff should be allowed until November 1, 2024 to file motions to join additional parties and to file motions to amend the pleadings.

2. Defendants should be allowed until November 15, 2024 to file motions to join additional parties. Defendants should be allowed to file their response to any amended complaint sixty days after the filing thereof.

**E. Discovery**

Recognizing that the precise contours of the case, including the amount of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the defendants have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).

1. The defendants anticipate that discovery will be needed on all factual allegations of the Complaint, the plaintiff's damage claims, and the defendants' defenses.

2. All document discovery will be commenced by December 2, 2024 and completed (not propounded) by April 1, 2025. The defendants suggest that these time frames also be applied to the parties' respective obligations under the Initial Discovery Protocols.

3. Discovery will be conducted in phases, with expert disclosure to follow depositions of fact witnesses.

4. A damages analysis will be provided by the plaintiff no later than November 1, 2024.

5. The defendants anticipate that the parties will require a total of ten depositions of fact witnesses. The depositions will commence by May 1, 2025 and be completed by August 1, 2025.

6. The defendants do not anticipate requesting permission to serve more than 25 interrogatories.

7. The defendants suggest that plaintiff designate all trial experts and provide the plaintiff with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 2, 2025. Depositions of any such experts will be completed by December 1, 2025.

8. Defendants will designate all trial experts and provide plaintiff with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 2, 2026. Depositions of such experts will be completed by June 1, 2026.

9. Defense counsel agrees to discuss in good faith the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. If deemed necessary, defense counsel will negotiate an agreement governing the protocol in which electronically stored information will be disclosed. Defense counsel suggests that discovery of electronically stored information be addressed in the parties' respective discovery requests.

10. Defense counsel will discuss with plaintiff's counsel discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. Defense counsel will adhere to the procedure set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

**F. <u>OTHER SCHEDULING ISSUES</u>**

Not applicable.

**G. <u>SUMMARY JUDGMENT MOTIONS</u>**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before August 3, 2026.

**H. <u>JOINT TRIAL MEMORANDUM</u>**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 45 days of the ruling on dispositive motions, should such motions be filed, or within 45 days after the parties notify the Court that dispositive motions will not be filed.

**VI. <u>TRIAL READINESS</u>**

The case will be ready for trial within 30 days of the filing of a joint trial memorandum. The defendants agree to cooperate with the plaintiff and the Court to promote the just, speedy and inexpensive determination of this action.

THE DEFENDANTS,

By:___Patrick M. Noonan_____________

PATRICK M. NOONAN – CT00189
Carmody Torrance Sandak & Hennessey LLP
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT 06437
Telephone: (203) 458-9168
Fax: (203) 458-4424
Email: pnoonan@dcarmodylaw.com

**CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: *Patrick M. Noonan*
Patrick M. Noonan